IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mars Electronics International, Inc., a Delaware corporation, and Mars, Incorporated, a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>International Currency Technologies Corp., a Taiwanese corporation, and International Currency Technologies Inc., a California corporation,<br><br>　　　　Defendants. | Civil Action No. 05-239 SLR |

## ANSWER AND COUNTERCLAIM OF DEFENDANT INTERNATIONAL CURRENCY TECHNOLOGIES INC.

Defendant International Currency Technologies Inc. submits the following Answer and Counterclaims to the Complaint of Plaintiffs Mars Electronics International, Inc. and Mars, Incorporated ("Plaintiffs").

## ANSWER

### NATURE OF THE ACTION

1.　Mars, Incorporated ("Mars, Inc.") is the owner of United States Patent No. 5,632,367 ("the `367 patent") which covers the validation portion of a bill validator. Bill validators may be used in vending machines, slot machines and other devices requiring the validation of paper currency.

**RESPONSE:**

International Currency Technologies Inc. admits that bill validators may be used in vending machines, slot machines and other devices requiring the validation of paper currency.

International Currency Technologies Inc. is without sufficient knowledge as to the remaining allegation in Paragraph 1, and on that basis denies the remaining allegations.

2.      Mars Electronics International, Inc. ("MEI") is an exclusive licensee of the `367 patent.

**RESPONSE:**

International Currency Technologies Inc. is without sufficient knowledge as to the allegation in Paragraph 2, and on that basis denies this allegation.

3.      Upon information and belief, Defendants have been and still are infringing, contributing to, and/or actively inducing infringement of the `367 patent in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of bill validators falling within the scope of the claimed subject matter in the `367 patent. By virtue of Defendants' infringement, Mars is entitled to damages and injunctive relief.

**RESPONSE:**

International Currency Technologies Inc. denies the allegations in Paragraph 3.

### THE PARTIES

4.      Mars, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6885 Elm Street, McLean, Virginia 22101-3883.

**RESPONSE:**

International Currency Technologies Inc. is without sufficient knowledge as to the allegations in Paragraph 4, and on that basis denies these allegation.

5. MEI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1301 Wilson Drive, West Chester, Pennsylvania 19380.

**RESPONSE:**

International Currency Technologies Inc. is without sufficient knowledge as to the allegations in Paragraph 5, and on that basis denies these allegation.

6. On information and belief, Defendant International Currency Technologies Corp. ("ICT") is a Taiwanese corporation, having its principal place of business at 24, Alley 38, Lane 91, Nei-hu Rd., Sec. 1, Taipei City 11441, Taiwan, (R.O.C.).

**RESPONSE:**

International Currency Technologies Inc. admits that International Currency Technologies Corp. is a Taiwanese corporation, having its principal place of business at 24, Alley 38, Lane 91, Nei-hu Rd., Sec. 1, Taipei City 11441, Taiwan, (R.O.C.).

7. On information and belief, Defendant International Currency Technologies Inc. ("ICT-USA") is a California corporation, having its principal place of business at 43010 Osgood Road, Fremont, California 94539.

**RESPONSE:**

International Currency Technologies Inc. admits that International Currency Technologies Inc. is a California corporation, having its principal place of business at 43010 Osgood Road, Fremont, California 94539.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:**

International Currency Technologies Inc. admits that this complaint is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The remainder of paragraph 8 sets forth legal conclusions to which no response is required, but International Currency Technologies Inc. agrees that the Court has subject matter jurisdiction over this action.

9.      Upon information and belief, Defendants conduct and have conducted a substantial, systematic, and continuous business of selling and distributing infringing bill validators in this judicial district. Moreover, Defendants purposefully have offered to sell, have sold and/or have distributed infringing bill validators through regular distribution channels knowing such products would be used and/or sold in this judicial district. One such distributor of Defendants' infringing bill validators in this judicial district is Happ Controls, Inc., located at 77 McCullough Drive, Suite 10, New Castle, Delaware 19720.

**RESPONSE:**

International Currency Technologies Inc. admits that one distributor of the bill validators manufactured by International Currency Technologies Corp. is Happ Controls, Inc., located at 77 McCullough Drive, Suite 10, New Castle, Delaware 19720. International Currency Technologies Inc. denies the remainder of the allegations in Paragraph 9.

10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**RESPONSE:**

Paragraph 10 sets forth legal conclusions to which no response is required, but International Currency Technologies Inc. agrees that venue is proper in this district.

### THE PATENT IN SUIT

11.    On May 27, 1997, United States Patent No. 5,632,367 entitled "VALIDATION HOUSING FOR A BILL VALIDATOR MADE BY A TWO SHOT MOLDING PROCESS" was duly and legally issued to plaintiff, Mars, Inc., as assignee of the inventors, Alfred J. Bergeron, Thomas E. Shuren and Scott Hudis. Pursuant to Local Rule 3.2, a copy of the `367 patent is attached hereto as Exhibit 1.

**RESPONSE:**

International Currency Technologies Inc. admits that the '367 Patent on its face states that it was issued on May 27, 1997, entitled "VALIDATION HOUSING FOR A BILL VALIDATOR MADE BY A TWO SHOT MOLDING PROCESS", issued to Alfred J. Bergeron, Thomas E. Shuren and Scott Hudis, and assigned to Mars, Inc.. International Currency Technologies Inc. also admits that a copy of the `367 patent was attached to the Complaint as

Exhibit 1. International Currency Technologies Inc. is without sufficient knowledge as to, and on that basis denies, the remaining allegations in Paragraph 11.

## CAUSE OF ACTION FOR PATENT INFRINGEMENT

12. Mars incorporates and re-alleges paragraphs 1-11 as if fully set forth herein.

**RESPONSE:**

International Currency Technologies Inc. realleges and incorporates by reference its answers, denials, and averments to Paragraphs 1 through 11 as though full set forth herein.

13. Defendants have been and still are infringing, contributing to and actively inducing infringement of the '367 patent in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of ICT bill validators.

**RESPONSE:**

International Currency Technologies Inc. denies the allegations in Paragraph 13.

14. Defendants have profited through infringement of the '367 patent. As a result of Defendants' unlawful infringement of the '367 patent, Mars has suffered in an amount not yet determined and will continue to suffer damages in the future.

**RESPONSE:**

International Currency Technologies Inc. denies the allegations in Paragraph 14.

15. Upon information and belief, Defendants' acts of infringement have been willful and deliberate. Such acts entitle Mars to enhanced damages and reasonable attorneys fees.

**RESPONSE:**

International Currency Technologies Inc. denies the allegations in Paragraph 13.

16. Upon information and belief, Defendants intend to continue their unlawful infringing activity and Mars will continue to be damaged by such infringement, unless Defendants are enjoined by this Court.

**RESPONSE:**

International Currency Technologies Inc. denies the allegations in Paragraph 13.

### FIRST AFFIRMATIVE DEFENSE – PATENT INVALIDITY

Plaintiffs' Complaint, and each purported claim for relief therein, is barred because the '367 Patent is invalid and/or void for failure to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

International Currency Technologies Inc. does not infringe any valid and enforceable claims, if any, of the '367 patent.

### THIRD AFFIRMATIVE DEFENSE – LACHES

Plaintiffs' Complaint, and each purported claim for relief therein, is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MARK

Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to comply with the marking requirements of 35 U.S.C. § 287.

## COUNTERCLAIMS

Defendant, International Currency Technologies Inc., for its counterclaims against Plaintiffs states and alleges:

### PARTIES

1. International Currency Technologies Inc. is a California corporation, having its principal place of business at 43010 Osgood Road, Fremont, California 94539.

2. Upon information and belief, Mars, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6885 Elm Street, McLean, Virginia 22101-3883.

3. Upon information and belief, MEI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1301 Wilson Drive, West Chester, Pennsylvania 19380.

### JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this counterclaim pursuant to Title 28 U.S.C. §§ 1331, 1338(a), and 1367(a). In addition, it is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure, and the Court has jurisdiction over the counterclaim for that reason as well.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) in that it is an action for patent infringement arising under the patent laws of the United States and 28 U.S.C.

§ 1391(b) and (c) in that Plaintiffs are subject to the personal jurisdiction of this Court at the time of the commencement of this action. Venue is further proper in this district pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

## FIRST COUNTER CLAIM

### (Declaratory Judgment of Non-Infringement of the '367 Patent)

6. International Currency Technologies Inc. sells and offers for sale bill validators manufactured by International Currency Technologies Corp.

7. International Currency Technologies Inc. is informed, and on that basis believes, that Mars, Inc. is the owner of the '367 Patent and MEI is an exclusive licensee of the `367 Patent, issued by the United States Patent and Trademark Office on May 27, 1997.

8. In their Complaint, Plaintiffs contend that International Currency Technologies Inc. infringes the '367 Patent and seek to enjoin International Currency Technologies Inc. from selling of offering bill validators manufactured by International Currency Technologies Corp.

9. International Currency Technologies Inc. does not infringe the '367 Patent.

10. By reason of the matters alleged above, there exists an actual controversy between International Currency Technologies Inc. and Plaintiffs concerning whether International Currency Technologies Inc. infringes the Patents.

11. Pursuant to 28 U.S.C. § 2201(a), the parties need a declaration of their rights and other legal relations with respect to whether International Currency Technologies Inc. infringes the Patents.

## SECOND COUNTER CLAIM

### (Declaratory Judgment of Invalidity of the Patents)

12. International Currency Technologies Inc. realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Counterclaim as though fully set forth herein.

13. International Currency Technologies Inc. contends that, at least to the extent that Plaintiffs define the claims in the '367 Patent to cover the allegedly infringing bill validators, the '367 Patent, and each patent claim therein, is invalid for failure to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. By reason of the matters alleged above, there exists an actual controversy between International Currency Technologies Inc. and Plaintiffs concerning whether the '367 Patent is invalid.

15. Pursuant to 28 U.S.C. § 2201(a), the parties need a declaration of their rights and other legal relations with respect to whether the '367 Patent is valid.

WHEREFORE, International Currency Technologies Inc. prays as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That Plaintiff's Complaint and each purported cause of action contained therein directed against International Currency Technologies Inc. be dismissed with prejudice;

3. That the Court declare that International Currency Technologies Inc. does not infringe the '367 Patent, either directly or indirectly, literally or under the Doctrine of Equivalents;

4. That the Court declare that the '367 Patent is invalid;

5. That the Court award International Currency Technologies Inc. its reasonable attorneys' fees and costs in defending against Plaintiffs' unfounded infringement claims; and

6. That the Court award such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant<br>M. Duncan Grant<br>PEPPER HAMILTON LLP<br>1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>(302) 777-6500 |
| Louis L.S. Tao<br>Sonnenschein, Nath & Rosenthal LLP<br>1301 K Street, N.W.<br>Suite 600, East Tower<br>Washington, DC 20005<br>(202) 408-6400 | |
| Edward H. Rice<br>Steven M. Lubezny<br>Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL 60606<br>(312) 876-8000 | |
| Dated: June 17, 2005 | Attorneys for Defendant International Currency Technologies Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2005, the foregoing Answer and Counterclaim of Defendant International Currency Technologies Inc. was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to counsel as set forth below:

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

/s/ M. Duncan Grant
M. DUNCAN GRANT (Del. Bar No. 2994)