## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Mars Electronics International, Inc., | ) | |
| a Delaware corporation, and | ) | |
| Mars, Incorporated, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-239 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| International Currency Technologies Corp., | ) | |
| a Taiwanese corporation, and | ) | |
| International Currency Technologies Inc., | ) | |
| a California corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPENING BRIEF IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT AS TO INTERNATIONAL CURRENCY
## TECHNOLOGIES CORP. FOR INSUFFICIENCY OF SERVICE OF PROCESS

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000

Dated: June 23, 2005

M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendant International
Currency Technologies Inc.

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF THE PROCEEDINGS……………………………………………1

SUMMARY OF ARGUMENT…………………………………………………………….....2

STATEMENT OF FACTS…………………………………………………………………...3

ARGUMENT…………………………………………………………………………....4

    I.  REQUIREMENTS FOR SERVICE OF PROCESS UNDER
       THE FEDERAL  RULES OF CIVIL PROCEDURE…………………………………4

    II.  PLAINTIFFS' ATTEMPTED SERVICE DID NOT COMPLY
       WITH RULE 4(f)(2)…………………………………………………………………....5

CONCLUSION…....……………………………………………………………………6

# TABLE OF AUTHORITIES

Cases

*Brockmeyer v. Marquis*, 383 F.3d 798 (9th Cir. 2004)....................................................5

*In re Schwinn Bicycle Co.*, 190 B.R. 599 (N.D. Ill 1995)............................................5

*Magdalena v. Celle*, 1996 U.S. Dist. LEXIS 11466 (S.D.N.Y. Aug 8, 1996)........................5


Rules

Fed. R. Civ. P. 4…...............................................................................................4, 5


Foreign Rules and Statutes

Article 402 of the Taiwan Code of Civil Procedure....................................................5, 6

Taiwan Law of Assistance to Foreign Court Regarding Service and Other Matters...............5, 6

## NATURE AND STAGE OF THE PROCEEDINGS

On April 25, 2005, Mars Electronics International Inc. and Mars, Incorporated (collectively "Plaintiffs") filed a Complaint against International Currency Technologies Corp. and International Currency Technologies Inc. alleging infringement of U.S. Patent No. 5,632,367. Nine days later, on May 4, 2005, International Currency Technologies Corp. received a package sent from Plaintiffs' attorneys containing a summons and complaint for the present litigation. Pursuant to an agreement between the parties that has been approved by the Court, the deadline for International Currency Technologies Corp. to answer or otherwise plead was extended to June 23, 2005. International Currency Technologies Corp. has now moved, pursuant to Federal Rule of Civil Procedure 12(b)(5), to dismiss Plaintiffs' Complaint for insufficiency of service of process. The other defendant, International Technologies Inc., answered the complaint and filed a counterclaim on June 17, 2005.

This is the Opening Brief in support of International Currency Technologies Corp.'s motion to dismiss for insufficiency of service of process.

## <u>SUMMARY OF ARGUMENT</u>

The Federal Rules of Civil Procedure authorize several methods of service of process upon a foreign corporation. Here, Plaintiffs did not comply with any of the available methods, because (a) the copy of the complaint and summons was sent to International Currency Technologies Corp. by Plaintiffs' attorneys, rather than by the Clerk of the Court, (b) Plaintiffs did not effect service by letter rogatory, and (c) Plaintiffs' attempted service did not comply with any manner of service permitted by the laws of Taiwan. Accordingly, Plaintiffs' Complaint should be dismissed as to International Currency Technologies Corp. for insufficiency of service of process.

## STATEMENT OF FACTS

On April 25, 2005, Plaintiffs filed a Complaint against International Currency Technologies Corp. and International Currency Technologies Inc. alleging infringement of U.S. Patent No. 5,632,367. Defendant International Currency Technologies Corp. is a Taiwanese corporation that manufactures bill validators for the validation of paper currency in vending machines, slot machines and other devices. Defendant International Currency Technologies Inc. is based in California and is the U.S. distributor for the bill validators manufactured by International Currency Technologies Corp.. International Currency Technologies Corp. has no corporate affiliation with International Currency Technologies Inc. (i.e. no parent or subsidiary relationships), nor any offices or subsidiaries located within the United States.

On May 4, 2005, International Currency Technologies Corp. received a package. *See* Declaration of Wei-Hsin Wu, attached as Exhibit A, at ¶ 3. The package was sent by registered mail addressed from the law firm of Fish & Richardson, which represents Plaintiffs in the present litigation. *Id.* The package contained English copies of the summons and complaint, but no Chinese language version. *Id.* at ¶¶ 3 and 5.

-3-

## ARGUMENT

### I.    REQUIREMENTS FOR SERVICE OF PROCESS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal district courts.  Rule 4(h), which governs service on a foreign corporation, provides that if service is made outside the United States, it shall be effected "in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof."

Rule 4(f) authorizes various methods for proper service of process.  Rule 4(f)(1) first permits service by "any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Rule 4(f)(2) then provides three acceptable methods for service of process upon a foreign entity when there is no internationally agreed means of service:

> (2)  if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
> (A)  in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
>
> (B)  as directed by the foreign authority in response to a letter rogatory or letter of request; or
>
> (C)  unless prohibited by the law of the foreign country, by
>
> * * *
>
> (ii)  any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served;[1]

---

[1] Rule 4(f)(3) also permits service by "any other means not prohibited by international agreement as may be directed by the Court."  However, as the Court has not provided such an

Here, Rule 4(f)(1) is inapplicable because Taiwan is not a signatory to the Hague Convention or any other internationally agreed means reasonably calculated to give notice. *See, e.g., In re Schwinn Bicycle Co.,* 190 B.R. 599, 612 (N.D. Ill. 1995). Accordingly, the Court must look to Rule 4(f)(2) to determine if Plaintiffs' attempted service was proper.

## II.   PLAINTIFFS' ATTEMPTED SERVICE DID NOT COMPLY WITH RULE 4(f)(2)

Plaintiffs' attempted service is insufficient under any of the three methods set forth in Rule 4(f)(2). First, Plaintiffs did not comply with the requirements of Rule 4(f)(2)(C)(ii), since the complaint and summons were sent directly from Plaintiffs' attorneys rather than from a clerk of the district court. *See In re Schwinn Bicycle Co.,* 190 B.R. at 608 (stating that service by registered mail was insufficient when there was no evidence that the summons and complaint were served by the clerk of the Court); *Magdalena v. Celle,* 1996 U.S. Dist. LEXIS 11466, at *8 (S.D.N.Y. Aug. 8, 1996) (finding no personal jurisdiction over Defendant when registered mail was not dispatched by the clerk of the Court).

Second, Rule 4(f)(2)(B) also does not apply, as Plaintiffs did not serve International Currency Technologies Corp. by letter rogatory.

Third, Plaintiffs' attempted service also does not comply with Rule 4(f)(2)(A), which permits service "in the manner prescribed by the law of the foreign country," because the laws of Taiwan do not allow service of process by registered mail sent from plaintiffs or their attorneys. Service of Process in Taiwan is governed by the Code of Civil Procedure ("CPCT") and the Law of Assistance to Foreign Court Regarding Service and Other Matters ("LAFC"). *See* Declaration of Hsing-Cheng Su, attached as Exhibit B, at ¶ 1. The LAFC provides that

---

order, this section is inapplicable. *See Brockmeyer v. Marquis,* 383 F.3d 798, 806 (9th Cir. 2004). (stating that Rule 4(f)(3) is applicable only if Plaintiffs obtain "prior court approval for the alternative method of service.")

service of a foreign complaint or summons upon a Taiwan corporation must first proceed through diplomatic establishments such as letter rogatory, and then, if necessary, to a Taiwan Court which provides assistance in mailing the service to the defendant. *Id.* at ¶¶ 2-5. Article 402 of the CPCT then states that Taiwan's Civil Court will only accept the decision of a foreign Court if service of process is performed through judicial assistance in compliance with the laws of Taiwan. *Id.* There is no provision in Taiwan law that would permit service by registered mail sent directly from Plaintiffs or their attorneys. *Id.* at ¶¶ 2-3.

Furthermore, Taiwan law requires that the service of process include a Chinese translation of the complaint. *Id.* at ¶ 2. Thus, Plaintiffs' attempted service is also insufficient under Rule 4(f)(2)(A) because the package received from Plaintiffs by International Currency Technologies Corp. only contained an English language version of the complaint. *See* Wu Decl., Exhibit A, at ¶5.

Accordingly, Plaintiffs' attempted service does not comply with any of the three methods for service of process set forth by Rule 4 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, International Currency Technologies Corp. respectfully requests that the Court dismiss all counts of the Complaint as to International Currency Technologies Corp. for insufficiency of service of process.

Respectfully submitted,

/s/ M. Duncan Grant

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC  20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL  60606
(312) 876-8000

Dated:  June 23, 2005

M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Attorneys for Defendant International
Currency Technologies Inc.