**EXHIBIT "B"**

## Declaration

I, Hsin-Cheng Su, do hereby declare the following under oath and the penalty of perjury under the laws of U.S.A.:

1. I am duly practicing as attorney-at-law as a member of the Taipei, Hsinchu, Taoyuan, and Keelung Bar Association in Taiwan for many years. I am familiar with Taiwan's laws and have excellent skill in practicing litigation including service of process, which is governed by the Code of Civil Procedure ("CPCT") and the Law of Assistance to Foreign Court Regarding Service and Other Matters ("LAFC").

2. LAFC provides that the service of foreign complaint or summons shall be first through the diplomatic establishments and then to the Taiwan Court which provides assistance to such service on a defendant in Taiwan. The Article 402 of CPCT provides that Taiwan's Civil Court accepts the decision of a foreign court only if the decision was based on a service of process on the defendant through judicial assistance in compliance with the laws of Taiwan. Service by registered mail contains the complaint and/or summons sent from the plaintiff is not allowed by Taiwan's law. In addition, LAFC requires that a copy of Chinese translation accompany the complaint delivered.

3. In other words, if a plaintiff in a foreign country intends to serve a civil complaint or summons to a defendant in Taiwan, the plaintiff must first seek international judicial assistance. If a service does not comply with the aforesaid laws of Taiwan, it shall be deemed to be ineffective in Taiwan.

4. The Supreme Court of Taiwan, in Civil Action No. 1924 (2002), held that in a foreign civil case where the defendant was a resident in Taiwan, the service of process must comply with Article 402 of CPCT and that in the absence of compliance therewith, the court does not recognize the foreign judicial decision. This case involved the civil judgment of the Los Angeles County District Court, and the defendant was a resident in Taiwan. The Taiwan Supreme Court reasoned that to be effective, service of process for a civil case in a U.S. court must comply with Article 402 of CPCT and the laws of Taiwan regarding assistance to foreign court.

5. Other district court decision (Pan-Chiao district court Civil Action of appeal, No. Jian-Shang 372, 1998) also held that, even if the foreign complaint is handed to the resident in Taiwan by a Taiwan attorney personally, it is ineffective in Taiwan if a service does not comply with Article 402 of CPCT and the Law of Assistance to Foreign Court Regarding Service and Other Matters.

_____ ID No. D120445465
Declarant
JUN 1 4 2005

On this _____ day of June, 2005, appears Hsin-Cheng Su before the undersigned Notary who swore and subscribed, under the laws of U.S.A., that the above statements were true and correct to the best of his knowledge and belief.

_____ Case No. 113435
Notary Public
Chen, Yu-lin
Notary Public
Taiwan Taipei District Court