IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARS ELECTRONICS INTERNATIONAL, INC., a Delaware corporation, and MARS, INCORPORATED, a Delaware corporation,

Plaintiffs,

v.

INTERNATIONAL CURRENCY TECHNOLOGIES CORP., a Taiwanese corporation, and INTERNATIONAL CURRENCY TECHNOLOGIES INC., a California corporation,

Defendants.

C.A. No. 05-239-SLR

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT INTERNATIONAL CURRENCY TECHNOLOGIES CORP.'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

Dated: July 8, 2005

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
marsden@fr.com
Timothy Devlin (#4241)
tdevlin@fr.com
Sean P. Hayes (#4413)
hayes@fr.com
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Edmond R. Bannon
Raymond R. Castello
Citigroup Center
153 East 53rd Street
52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiffs
Mars Electronics International, Inc.
and Mars, Incorporated

## TABLE OF CONTENTS


Page

I. NATURE AND STAGE OF THE PROCEEDING....1

II. SUMMARY OF THE ARGUMENT....1

III. STATEMENT OF FACTS....1

IV. ICT'S MOTION IS FRIVOLOUS AND MUST BE DENIED BECAUSE SERVICE WAS PROPER UNDER FED. R. CIV. P. 4(f)(2)(C)(ii)....2

V. CONCLUSION....4

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Emery v. Wood Industries., Inc.,* No. Civ. 98-480-M, 2001 WL 951579 (D.N.H. Aug. 20, 2001) ........................................3

*Margaretten & Co. Inc. v. Porterfield*, No. 90 C 729, 1991 WL 159827 (N.D.Ill. Aug. 9, 1991) ..................................4

*O'Brien v. R.J. O'Brien & Associate, Inc.*, 998 F.2d 1394 (7th Cir. 1993) ..........................................................3, 4

*Photolab Corp. v. Simplex Specialty*, 806 F.2d 807 (8th Cir. 1986) ............................................................ 3

*Power Integrations, Inc. v. System General Corp.,* No. C 04-02581 JSW, 2004 WL 2806168 (N.D. Cal. Dec.7, 2004) ......................................................3

## FEDERAL RULES

Fed. R. Civ. P. 4(f)(2)(C)(ii) ...................................................................2, 3

## I. NATURE AND STAGE OF THE PROCEEDING

On April 25, 2005, Plaintiffs Mars Electronics International, Inc. and Mars, Incorporated (collectively "Mars") filed a Complaint for patent infringement against International Currency Technologies Corp. ("ICT"), a Taiwanese corporation, and International Currency Technologies Inc. ("ICT-USA"), a California corporation. ICT-USA filed its Answer and Counterclaims on June 17, 2005. On June 23, 2005, ICT moved to dismiss Mars' Complaint for allegedly insufficient service of process. This opposition responds to ICT's motion.

## II. SUMMARY OF THE ARGUMENT

ICT's motion to dismiss is frivolous and should be denied because the evidence of record ***at the time the motion was made*** unequivocally establishes that service on ICT was properly made by the Clerk of this Court pursuant to Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure.

## III. STATEMENT OF FACTS

On April 26, 2005, one day after the Complaint against ICT and ICT-USA was filed, Mars filed with the Clerk of this Court Plaintiffs' Request to the Clerk to Perfect Service (Exhibit A, D.I. 3). In that request, the Clerk was asked to perfect service by International Registered Mail on International Currency Technologies at a specific address in Taipei City, Taiwan.

That same day, the Clerk of the Court for the District of Delaware, Peter T. Dalleo, sent a letter along with the original Summons and a copy of the Complaint by registered mail to ICT in Taiwan. (Exhibit B, D.I. 5). Proper service was further confirmed in an Affidavit of the Deputy Clerk, Beth A. Dinan, who mailed the documents for Mr. Dalleo (Exhibit C, D.I. 6). Ms. Dinan specifically stated in her

affidavit: "pursuant to Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure, I did send on April 26, 2005 by Registered Mail, RB 121 219 046 US, to International Currency Technologies Corp., Chi Yang Building No. 24, Alley 38, Lane 91, Nei-hu Rd., Sec. 1, Taipei City 11441, Taiwan (R.O.C.), the following documents . . . ." *Id.*

On May 12, 2005, an Acknowledgement of Service Form For Service By Return Receipt was received and filed by the District Court, reflecting further proof of service on ICT (Exhibit D, D.I. 9). Finally, on May 20, 2005, counsel for Plaintiffs filed an Affidavit of Proof of Service on ICT with supporting Exhibits A through C thereto (Exhibit E, D.I. 10). Notably, the Court's Docket Sheet shows that all of these documents were of record long before ICT filed its motion on June 23rd. *See* Exhibit F.

There is no dispute that ICT received the Summons and Complaint by registered mail on May 4, 2005. *See* D.I. 16 at 3. Therefore, ICT has been placed on notice, has been properly served, and has not contested that it is subject to the personal jurisdiction of this Court. No further delays should be tolerated.

## IV. ICT'S MOTION IS FRIVOLOUS AND MUST BE DENIED BECAUSE SERVICE WAS PROPER UNDER FED. R. CIV. P. 4(f)(2)(C)(ii)

Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal district courts. Rule 4(h) addresses service on a foreign corporation and permits service outside the United States "in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof."

The manner of service relevant to this motion is set forth in Rule 4(f)(2)(C)(ii):

> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
> * * *

(C) unless prohibited by the law of the foreign country, by

* * *

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served.

Service by registered mail is not prohibited under Taiwan law. *Power Integrations, Inc. v. Sys. Gen. Corp.*, No. Civ. 04-02581 JSW, 2004 WL 2806168 at *2 (N.D. Cal. Dec.7, 2004); *see also Emery v. Wood Industries., Inc.*, No. Civ. 98-480-M, 2001 WL 951579 (D.N.H. Aug. 20, 2001). Furthermore, service by registered mail by the Clerk's Office is sufficient even if, as in this case, the party requesting service addressed the package. *Power Integrations, Inc., supra* at *2.

A defendant who challenges the propriety of service must make specific objections and identify how the attempted service did not satisfy the requirements of service. *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993); *see also*, *Photolab Corp. v. Simplex Specialty*, 806 F.2d 807, 810 (8th Cir. 1986).

ICT admits that it received the Summons and Complaint by registered mail. (D.I. 16 at 3). ICT further appears to admit that service would be proper under Rule 4(f)(2)(C)(ii) if sent by the Clerk of the Court. (D.I. 16 at 2). ICT's only objection to service pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) is its incorrect allegation that the mail was sent by counsel for Mars rather than by the Clerk of the Court. *See* D.I. 16 at 2. ICT bases this allegation on a declaration by Wei-Hsin Wu, in spite of all the evidence of record to the contrary.

The Affidavit of Deputy Clerk Dinan, which was of record at the time ICT made its motion, definitively disproves ICT's claim. *See* Exhibits C and F, D.I. 6.

Moreover, the record also contains a clear Acknowledgement of Service on ICT.[1] *See* Exhibits D and F, D.I. 9. An affidavit by the Deputy Clerk of the Court that the Summons and Complaint were mailed combined with a return of service to the Court, should be indisputable proof and accorded great deference. The issue is ripe for determination since Courts routinely determine issues related to service of process based solely on affidavits and other documents submitted by the parties. *See Margaretten & Co. Inc. v. Porterfield*, No. 90 Civ. 729, 1991 WL 159827, at *3 n. 1 (N.D.Ill. Aug. 9, 1991).

ICT's motion to dismiss is nothing short of frivolous and should be withdrawn or denied with an award of costs for the time required to oppose this motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs Mars Electronics International, Inc. and Mars, Incorporated request that the Court deny Defendant International Currency Technologies Corp.'s Motion to Dismiss for Insufficiency of Service of Process.

[1] "A signed return of service constitutes prima facie evidence of valid service 'which can only be overcome by strong and convincing evidence.'" *O'Brien*, *supra*, 998 F.2d at 1398.

Dated: July 8, 2005

FISH & RICHARDSON P.C.

By: /s/ *William J. Marsden, Jr.*

William J. Marsden, Jr. (#2247)
marsden@fr.com
Timothy Devlin (#4241)
tdevlin@fr.com
Sean P. Hayes (#4413)
hayes@fr.com
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Edmond R. Bannon
Raymond R. Castello
Citigroup Center
153 East 53rd Street
52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiffs
Mars Electronics International, Inc.
and Mars, Incorporated

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2005, I electronically filed with the Clerk of Court the foregoing document entitled "MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT INTERNATIONAL CURRENCY TECHNOLOGIES CORP.'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS" using CM/ECF which will send notification of such filing(s) to the following:

M. Duncan Grant, Esq.
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709

I also certify that on July 8, 2005, I have mailed the foregoing document by overnight mail to the following non-registered participants:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005

and

Edward H. Rice
Steven M. Lubezny
Sonnenschein, Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606

Attorneys for Defendants
International Currency Technologies Inc. and
International Currency Technologies Corp.

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.