IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mars Electronics International, Inc., a Delaware corporation, and Mars, Incorporated, a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>International Currency Technologies Corp., a Taiwanese corporation, and International Currency Technologies Inc., a California corporation,<br><br>    Defendants. | Civil Action No. 05-239 SLR |

**REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AS TO INTERNATIONAL CURRENCY
TECHNOLOGIES CORP. FOR INSUFFICIENCY OF SERVICE OF PROCESS**

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000

Dated: July 14, 2005

M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendant International
Currency Technologies Inc.

## TABLE OF CONTENTS

INTRODUCTION…………………………………..……………………………………..1

PLAINTIFFS' ATTEMPTED SERVICE IS IMPROPER……………………...………...…....1

CONCLUSION…....………………………………………….…………………….5

## TABLE OF AUTHORITIES

Cases

*Emery v. Wood Industries, Inc.*, 2001 U.S. Dist. LEXIS 12914 (D.N.H. Aug. 20, 2001)................4

*Power Integrations, Inc. v. Sys. Gen. Corp.*,
2004 U.S. Dist. LEXIS 25414 (N.D. Cal. Dec. 7, 2004)................................................4


Rules

Fed. R. Civ. P. 4.................................................................................................1, 2

## INTRODUCTION

Despite the terseness and brusqueness of the Plaintiffs' Answering Brief, complete with an accusation that the Motion to Dismiss filed by International Currency Technologies Corp. ("ICT Corp.") is "nothing short of frivolous and should be withdrawn or denied with an award of costs,"[1] the Plaintiffs virtually ignore the fact that service of process under Rule 4(f)(C)(2)(ii) is permissible only if it is not prohibited by the law of the foreign country. Here, the evidence establishes that Taiwan prohibits the use of registered mail for service of process, and Plaintiffs provide no contrary evidence. As a result, the Motion is far from frivolous; it is meritorious and should be granted.

## PLAINTIFFS' ATTEMPTED SERVICE IS IMPROPER

Plaintiffs implicitly concede that service of process was not performed by any internationally agreed means pursuant to Rule 4(f)(1), in any manner prescribed by the law of the Taiwan pursuant to Rule 4(f)(2)(A), or by letter rogatory pursuant to Rule 4(f)(2)(B). They contend only that their attempted service of process was proper under Rule 4(f)(2)(C)(ii), which states (emphasis added):

> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
> \* \* \*
>
> (C) *unless prohibited by the law of the foreign country*, by
>
> \* \* \*

---

[1] Pl. Ans. Br. at 4.

>(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served;

It is true that a copy of the complaint and summons was dispatched to ICT Corp. by the Clerk of the Court as required by Rule 4(f)(2)(c)(ii).[2] The issue, however, is whether that form of service is "prohibited by the law of the foreign country," in this case Taiwan. The Plaintiffs' opposition papers focus on the state of the filings in the Clerk's office, but offer no significant analysis on the "law of the foreign country" issue. The evidence establishes that Plaintiffs' service is prohibited under Taiwan law.

In its Motion, ICT Corp. submitted the affidavit of Hsin-Cheng Su, a Taiwanese attorney.[3] Mr. Su first explains the methods of service prescribed by Taiwan law. *See* Declaration of Hsin-Cheng Su at ¶¶ 2-3. Mr. Su states that under Taiwan law, service of a foreign complaint or summons upon a Taiwan corporation must first proceed through diplomatic establishments such as letter rogatory, and then, if necessary, to a Taiwan Court which provides assistance in mailing the service to the defendant. *Id.* No provision in Taiwan law permits service by registered mail sent directly from either Plaintiffs or a U.S. Court. *Id.* Further, as Mr. Su points out, there must also be a Chinese translation of the documents that are being served. *Id.* That did not occur here. *See* Declaration of Wei-Hsin Wu at ¶5.[4]

---

[2] ICT Corp. stated in its opening brief that it had received the complaint and summons from Plaintiffs' attorneys, rather than from the Clerk of the Court. That was because the registered mail was sent in a private envelope of Fish & Richardson and addressed solely from Plaintiffs' attorneys.

[3] *See* Declaration of Hsin-Cheng Su, attached to ICT Corp.'s Opening Brief in Support of its Motion to Dismiss as Exhibit B.

[4] Mr. Wu's Declaration is attached to ICT Corp.'s Opening Brief as Exhibit A.

Mr. Su then further explains that Taiwan prohibits the service of process on a Taiwan defendant in a foreign litigation by any method other than that prescribed by the law of Taiwan. *See* Declaration of Hsin-Cheng Su at ¶¶4-5. Specifically, Mr. Su explains that the Supreme Court of Taiwan has explicitly ruled that in a foreign civil case where the defendant is a Taiwan resident, service of process is effective upon the defendant *only* if the service complied with the laws of Taiwan. *Id.*. The Supreme Court of Taiwan has therefore prohibited any service of process upon a Taiwanese resident in a foreign civil case when the attempted service does not follow one of the service methods prescribed by Taiwan law. Thus, service of process by registered mail, whether sent from Plaintiffs or the clerk of the U.S. court, is prohibited in Taiwan.

Plaintiffs offer no evidence to the contrary[5]. Instead, Plaintiffs' contention that service by registered mail is permitted by Taiwan law rests on a citation to two U.S. Court decisions. These decisions, however, do not purport to decide whether Taiwan law in fact prohibits service by registered mail. The court in each case simply found that the affidavits submitted by the defendants were not directly on point and therefore provided an insufficient basis for finding that service by registered mail was prohibited.

---

[5] Exhibit A of Plaintiffs Response does include a declaration from William Marsden that was attached to "Plaintiffs' Request to the Clerk to Perfect Service," and which states that Taiwan does not object to service by postal service. However, Mr. Marsden does not state the basis for his alleged understanding of Taiwanese law, nor does he provide any explanation or Taiwanese authority to support his one-sentence conclusion. Notably, Plaintiffs also do not refer to this declaration in their Response. Accordingly, Mr. Marsden's declaration provides no evidence to contradict Mr. Su's declaration, which reflects a careful analysis of Taiwan's current law on process service.

For example, in *Power Integrations*, the defendant supported its motion to dismiss by submitting an attorney opinion regarding Taiwan law.[6] *Power Integrations, Inc. v. Sys. Gen. Corp.*, 2004 U.S. Dist. LEXIS 25414 at *7 (N.D. Cal. Dec. 7, 2004). The Court held, however, that the defendant had asked the attorney the wrong question. *Id.* The defendant "asked for an opinion as to what methods of service are prescribed" by Taiwanese law and not on whether such methods were "prohibited." *Id.* The court explained that whether a service is "prescribed by" foreign law for purposes of Rule 4(f)(2)(A), and whether service is "prohibited by" foreign law for purposes of Rule 4(f)(2)(C), present separate issues and analyses. *Id.* at 7-8. Since the defendant's evidence did not address whether Taiwan law "prohibited" service by registered mail, the Court held that it was insufficient to support defendants' Rule 4(f)(2)(C) argument. *Id.* at 8.

Similarly, in *Emery*, the Court stated that the defendant "failed to produce evidence showing that such service 'by registered mail] is prohibited by the laws of Taiwan." *Emery v. Wood Industries, Inc.*, 2001 U.S. Dist. LEXIS 12914, at *5 (D.N.H. Aug. 20, 2001). The Court noted that the defendant relied on law related to "service made upon parties to litigation in a Taiwanese Court," rather than "service upon a Taiwanese company of a complaint filed in a foreign country." *Id.* Thus, the Court found the defendant's affidavit lacking. *Id.* It did not make any finding on the merits of whether Taiwanese law prohibits service by registered mail.

---

[6] For the Court's reference, a copy of the declaration submitted by the defendant in *Power Integrations*, which was obtained electronically from the district court's file, is attached as Exhibit A.

By contrast, the affidavit submitted by ICT Corp., which stands unopposed, explains not only the service methods prescribed by Taiwan law but also declares that Taiwan prohibits service upon a Taiwan resident in a foreign civil case by any method not in compliance with Taiwan law. Accordingly, the Court should find that Plaintiffs' attempted service is not permissible under the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above and in its Opening Brief, International Currency Technologies Corp. respectfully requests that the Court dismiss all counts of the Complaint as to International Currency Technologies Corp. for insufficiency of service of process.

Respectfully submitted,

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC  20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL  60606
(312) 876-8000

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Dated: July 14, 2005                    Attorneys for Defendants