IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARS ELECTRONICS INTERNATIONAL, INC., a Delaware corporation, and MARS, INCORPORATED, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL CURRENCY TECHNOLOGIES CORP., a Taiwanese corporation, and INTERNATIONAL CURRENCY TECHNOLOGIES INC., a California corporation, <br><br> Defendants. | C. A. No. 05-239-SLR |

## PROPOSED SCHEDULING ORDER

This ____day of _____ 2005, Mars Electronics International, Inc. and Mars, Incorporated ("Mars") and International Currency Technologies Inc., ("ICT Inc.") having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 1, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2..

2. **Discovery**.

    (a) Discovery will be needed on the following subjects:

        (1) Mars' claims of infringement of U.S. Patent No. 5,632,367 (the "patent-in-suit");

        (2) Mars' claim of willful infringement of the patent-in-suit;

1

    (3) ICT Inc.'s defenses to Mars' patent infringement claims;

    (4) ICT Inc.'s counterclaims against Mars for a declaratory judgment that the patent-in-suit is invalid and not infringed;

    (5) Mars' defenses to ICT Inc.'s counterclaims; and

    (6) Damages re: the parties' respective claims and counterclaims.

  (b) **Fact discovery** shall be completed by April 14, 2006.

    (1) Document production shall be completed on or before January 13, 2006;

    (2) Maximum of twenty-five (25) interrogatories by each side to the other side;

    (3) Maximum of fifty (50) requests for admission by each side to the other side;

    (4) In the absence of agreement among the parties or by order of the court, no deposition of a party or employee of a party (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (5) In the absence of agreement among the parties or by order of the court, fact depositions shall be limited to a maximum of [Plaintiffs propose twenty (20)] [Defendant proposes ten (10)] by each side. Each fact deposition shall be limited to a maximum number of seven (7) hours unless extended by agreement of the parties. The parties agree to meet and confer regarding the length of foreign-language depositions, and other depositions that may require additional time.

  (c) **Expert discovery** shall be commenced in time to be completed by July 28, 2006.

        (1)    Expert reports on issues for which the parties have the burden of proof due May 15, 2006; rebuttal expert reports before June 15, 2006.

        (2)    Expert depositions shall be limited to a maximum of seven (7) hours unless extended by agreement of parties.

        (3)    All Daubert motions shall be filed on or before August 15, 2006.

(d)    ICT Inc. must inform Mars as to whether it intends to rely on advice of counsel by December 2, 2005. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by ICT Inc. to its counsel and whatever other materials related to the issues in dispute that ICT Inc. had in its possession at the time the advice was sought.

(e)    Supplementation under Rule 26(e) due as required under that rule, including but not limited to a supplementation at the close of fact discovery.

(f)    **Discovery Disputes**.

        (1)    The court shall conduct in-person discovery status conferences on January ____, 2006 from 4:30 p.m. to 5:30 p.m. and May ____, 2006 from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties.

        (2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

        (3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)    **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call

at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

       3.    **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before February 11, 2006.

       4.    **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

       5.    **Claim Construction Issue Identification**.  If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on July 14, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted by September 15, 2006.

       6.    **Summary Judgment Motions**.  All opening briefs on summary judgment motions shall be served and filed on or before October 6, 2006.  Opposition and Reply Briefs shall be served and filed on or before October 30, 2006 and November 20, 2006, respectively.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.  The Court will hear oral argument on summary judgment motions on _____, 2006, at _____.

7.      **Claim Construction**. Issues of claim construction shall be submitted to the court on the same briefing schedule as summary judgment motions and will be considered by the court in conjunction with those motions.

8.      **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)     **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an emergency matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.      **Motions in Limine**. All motions in limine shall be filed on or before three weeks before the pretrial conference. All responses to said motions shall be filed on or before one week before the pretrial conference**.**

10.     **Pretrial Conference**. A pretrial conference will be held on January \_\_\_\_, 2007 at 10:00 a.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial**. This matter is scheduled for a 2-week jury trial commencing on February _____, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Chief Judge Sue L. Robinson