IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mars Electronics International, Inc., ) <br> a Delaware corporation, and ) <br> Mars, Incorporated, ) <br> a Delaware corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> International Currency Technologies Corp., ) <br> a Taiwanese corporation, and ) <br> International Currency Technologies Inc., ) <br> a California corporation, ) <br> ) <br> Defendants. ) | Civil Action No. 05-239 SLR |

**MOTION OF INTERNATIONAL CURRENCY TECHNOLOGIES INC. FOR LEAVE TO FILE ITS MOTION FOR PARTIAL SUMMARY JUDGMENT TO PRECLUDE PLAINTIFFS FROM SEEKING DAMAGES FOR GOODS SOLD BY INTERNATIONAL CURRENCY TECHNOLOGIES INC. PRIOR TO APRIL 25, 2005**

Defendant International Currency Technologies Inc. ("ICT Inc.") respectfully moves the Court for leave to file the attached Motion For Partial Summary Judgment To Preclude Plaintiffs From Seeking Damages For Goods Sold By ICT Inc. Prior To April 25, 2005. In support, ICT Inc. states:

1.  Section 287(a) of the Patent Act limits the amount of damages a patentee can recover in an infringement suit to those acts of infringement that occurred after the patentee gave the alleged infringer notice of infringement. 35 U.S.C. §287(a). Patentees who sell patented goods can provide constructive notice of infringement by marking those goods with the patent number. *Id.* Those who fail to mark must provide actual notice by sending a detailed notice letter to the potential infringers or else forfeit their right to all damages on goods sold before they filed their lawsuit. *Id.*

2.      On August 18, 2005. ICT Inc. served a First Set of interrogatories and a set of Request to Admit on Mars Electronics International, Inc. and Mars, Incorporated ("Mars"). Among others, ICT Inc.'s Interrogatories and Requests to Admit required Mars to identify whether any of its products incorporated the invention claimed in U.S. Patent No. 5,632,367 (the "'367 patent"), whether Mars had marked of any its patented products with the '367 patent number, and whether Mars had sent any notice of potential infringement to ICT Inc. before filing this litigation. Mars provided responses to ICT Inc.'s discovery requests on September 19, 2005.

3.      According to its own discovery responses: (a) Mars admits[1] that it sells goods covered by the '367 patent; and (b) Mars admits[2] that it did not mark those goods as required by 35 U.S.C. §287(a). Further, Mars indisputably sent no notice of the alleged infringement to ICT before filing this litigation.[3]

4.      Based on these three undisputed facts, Mars is precluded, as a matter of law, from obtaining damages on any products sold by ICT-USA before April 25, 2005, when Mars filed this lawsuit.

5.      ICT Inc. raises this issue now as a threshold motion for several reasons:

---

[1] Mars' Response to ICT Inc.'s First Set of Interrogatories to Plaintiffs ("Mars' Interrogatory Responses") at p. 5, attached as Exhibits C to ICT Inc.'s Motion for Partial Summary Judgment.

[2] Mars' Interrogatory Responses at p. 5; Mars' Response to ICT Inc.'s First Set of Requests to Admit to Plaintiffs ("Mars' RFA Responses") at p.4, attached as Exhibit D to ICT Inc.'s Motion for Partial Summary Judgment.

[3] Declaration of Wei-Hsin Wu, and Declaration of Ping Gao, attached respectively as Exhibits E and F to ICT Inc.'s Motion for Partial Summary Judgment.

      a.    The motion (if successful) will narrow damage issues and corresponding discovery tremendously. It will save both parties a great deal of unnecessary discovery effort and expense.

      b.    The motion may greatly promote settlement by eliminating most, if not all, of Mars' potential recovery.

      c.    The motion requires no additional discovery. The only relevant facts focus on Mars' conduct and its failure to take affirmative steps to provide notice to the public generally (by marking) or to ICT Inc. specifically. The motion is ripe for ruling as a matter of law.

WHEREFORE, ICT Inc. respectfully prays for the entry of an order granting it leave to file its attached Motion for Partial Summary Judgment to Preclude Plaintiffs from Seeking Damages for Goods Sold by ICT Inc. Prior to April 25, 2005.

      Respectfully submitted,

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000

Dated: October 3, 2005

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendant International Currency Technologies Inc.