IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Mars Electronics International, Inc., a Delaware corporation, and Mars, Incorporated, a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-239 SLR |
| v. | ) ) | |
| International Currency Technologies Corp., a Taiwanese corporation, and International Currency Technologies Inc., a California corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT TO PRECLUDE PLAINTIFFS
FROM SEEKING DAMAGES FOR GOODS SOLD BY INTERNATIONAL CURRENCY
TECHNOLOGIES INC. PRIOR TO APRIL 25, 2005**

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC  20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL  60606
(312) 876-8000

Dated:  October 3, 2005

M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Attorneys for Defendant International
Currency Technologies Inc.

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS..................................................................1

SUMMARY OF ARGUMENT.........................................................................................2

STATEMENT OF FACTS..............................................................................................3

ARGUMENT...............................................................................................................4

      I.     SUMMARY JUDGMENT STANDARD............................................................4

      II.    APPLICABLE LAW..........................................................................................4

            A.    Constructive Notice.....................................................................................5

            B.    Actual Notice...............................................................................................6

      III.   ANALYSIS.......................................................................................................6

CONCLUSION............................................................................................................8

## TABLE OF AUTHORITIES

Cases

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).............................4

*Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231 (3d Cir. 1995)......................................................4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).............................................4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).........................................................4

*Gart v. Logitech, Inc.*, 254 F.3rd 1334 (Fed. Cir. 2001).....................................................5

*Calmar Inc. v. Emson Research Inc.*, 850 F. Supp. 861 (C.D. Cal. 1994)..........................5

*Nike Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437 (Fed. Cir. 1998).................................5

*SRI International, Inc. v. Advanced Technology Laboratories, Inc.*,
127 F.3d 1462, (Fed. Cir. 1997) .........................................................................................5

*ABC Indust., Inc. v. Kason Indust., Inc.*, 30 F. Supp.2d 331, 342 (E.D.N.Y. 1998)...............6

*American Medical Systems, Inc. v. Engineering Corp.*, 6 F.3d 1523, (Fed. Cir. 1993),
*cert. denied*, 511 U.S. 1070 (1994)....................................................................................6

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed Cir. 1993)..............6

*Uniboard Aktiebolag v. Acer America Corp.*, 118 F. Supp.2d 19 (D. D.C. 2000),
*aff'd sub nom. Land v. Digital Equipment Corp.*, 252 F.3rd 1520 (Fed. Cir. 2001)................6


Federal Rules

Fed. R. Civ. P. 56(c)...........................................................................................................4


Statutes

35 U.S.C. §287(a)................................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

On April 25, 2005, Mars Electronics International Inc. and Mars, Incorporated (collectively "Mars") filed a Complaint against International Currency Technologies Corp. ("ICT Corp.") and International Currency Technologies Inc. ("ICT Inc.") alleging infringement of U.S. Patent No. 5,632,367 ('the '367 patent). On June 17, 2005, ICT Inc., filed an Answer and Counterclaim. The other defendant, ICT Corp. moved to dismiss Mars' Complaint for insufficiency of service of process on June 23, 2005. The motion to dismiss is still pending.

On August 18, 2005, ICT Inc. served a First Set of Interrogatories and a set of Requests to Admit on Mars. *See* ICT Inc.'s First Set of Interrogatories to Plaintiffs (ICT Inc.'s Interrogatories"), attached as Exhibit A; and ICT Inc.'s First Set of Requests to Admit to Plaintiffs ("ICT Inc.'s RTA"), attached as Exhibit B. Among other things, ICT Inc.'s Interrogatories and Requests to Admit required Mars to identify whether any of its products incorporated the invention claimed in the '367 patent, whether Mars had marked any of its products with the '367 patent number, and whether Mars had sent any notice of potential infringement to ICT Inc. before filing this litigation. *See* ICT Inc.'s Interrogatories, Ex. A, at p. 2; ICT Inc.'s RTA, Ex. B, at p. 2.

On September 19th, Mars responded to ICT Inc.'s discovery requests. *See* Mars' Response to ICT Inc.'s First Set of Interrogatories to Plaintiffs ("Mars' Interrogatory Responses"), attached as Exhibit C; and Mars' Response to ICT Inc.'s First Set of Requests to Admit to Plaintiffs ("Mars' RTA Responses"), attached as Exhibit D.

This is the Opening Brief in support of ICT Inc.'s motion for partial summary judgment to preclude Mars from seeking damages for goods sold by ICT Inc. prior to April 25, 2005.

## SUMMARY OF ARGUMENT

Patentees who sell patented goods must mark those goods with the patent number. Those who fail to mark must send a detailed notice letter to potential infringers or else forfeit their right to all damages on goods sold before they filed their lawsuit. Mars has admitted that it failed to mark its patented goods; and it indisputably sent no notice to ICT. Mars is barred, by statute, from claiming damages on ICT Inc.'s goods sold before April 25, 2005.

-3-

## STATEMENT OF FACTS

On April 25, 2005, Plaintiffs filed a Complaint against ICT Inc. and ICT Corp. alleging infringement of the '367 patent and seeking damages caused by the alleged infringement.

Mars conceded in its interrogatory responses that it manufactures and sells at least three products that incorporate the '367 invention: the MEI Series 2000, the Cash Flow SC-66 and the Cash Flow SC-83. *See* Mars' Interrogatory Responses, Ex. C at p. 5.

Mars also conceded in its interrogatory responses that it has not marked any of these products—nor any labels, packaging materials, manuals, advertisements, or other documents associated with these products—with the '367 patent number. *Id.*

Before filing this litigation, Mars failed to provide ICT Inc. or ICT Corp. with any letter or other communication alleging infringement of the '367 patent. *See* Declaration of Wei-Hsin Wu, attached as Ex. E; and Declaration of Ping Gao, attached as Exhibit F.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial,'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### II. APPLICABLE LAW

Patent owners who commercially exploit their invention have a duty to provide notice of their patent. This obligation is imposed by statute. Patent owners who fail to comply with the statutory notice requirements forfeit their right to collect damages that accrued before the patent owner provided proper statutory notice:

> Patentees . . . making, offering for sale, or selling within the United States any patented article . . . may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. §287(a). Thus, when a patented article has been produced by a patentee, "the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'" *Gart v. Logitech, Inc.*, 254 F.3rd 1334, 1345 (Fed. Cir. 2001). Notice may be "either constructive notice, which is accomplished by marking the article with the patent number, or actual notice." *Id.* The burden of proving notice "rests on the patent owner." *Calmar Inc. v. Emson Research Inc.*, 850 F. Supp. 861, 867 (C.D. Cal. 1994)

### A. Constructive Notice

To satisfy the constructive notice provision, a patentee must mark, with the relevant patent number, substantially all of the patented products in a substantially consistent and continuous manner. *Nike Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Failing that, a patentee may only recover patent infringement damages as of the date on which the patentee gives "actual notice" to the infringer. *SRI Int'l, Inc. v. Advanced Technology Lab., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997).

## B.  Actual Notice

Actual notice, for purposes of Section §287 of the Patent Act, requires an affirmative communication by the patentee "of a specific charge of infringement by a specific accused product or device." *ABC Indust., Inc. v. Kason Indust., Inc.*, 30 F. Supp.2d 331, 342 (E.D.N.Y. 1998). Whether the alleged infringer had knowledge of the patent independent of such notice is irrelevant. *See Am. Medical Sys., Inc. v. Eng'g Corp.*, 6 F.3d 1523, 1537 n.18 (Fed. Cir. 1993), *cert. denied*, 511 U.S. 1070 (1994) (notification by Defendant's own counsel not sufficient to provide actual notice because notice of infringement must "come from the patentee."); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed Cir. 1993) (patentee's mailing of a letter notifying the whole industry of the patentee's ownership of a patent and advising companies not to infringe was not actual notice because the letter did not include a specific charge of infringement). The Patent Act places the "responsibility of providing notice squarely on the patentee....Any knowledge the defendants might have had of the infringements before [the patentees] gave them actual notice is irrelevant." *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp.2d 19, 23-24 (D. D.C. 2000), *aff'd sub nom. Land v. Digital Equip. Corp.*, 252 F.3rd 1520 (Fed. Cir. 2001).

## III.  ANALYSIS

Only three material facts are relevant to determine whether Mars is entitled to seek damages for goods sold by ICT Inc. before the filing of this litigation:

   (a) Does Mars sell or make products covered by the '367 patent?

   (b) Did Mars mark these products with the '367 patent number (i.e. constructive notice)?

   (c) Did Mars provide any "actual notice" to ICT Inc.?

Here, Summary Judgment is appropriate because there is no genuine dispute over these facts. Mars has admitted that it sells three separate products covered by the '367 patent. *See* Mars' Interrogatory Responses, Ex. C at p. 5. Mars has admitted that it did not mark any of these products with the '367 patent number. *See* Mars' Interrogatory Responses, Ex. C at p. 5; Mars' RTA Responses, at p. 4. Mars, therefore, did not provide "constructive notice." By statute, Mars is not entitled to any infringement damages before the date on which ICT Inc. received "actual notice."

It is undisputed that Mars sent no "actual notice." Neither ICT Inc. nor ICT Corp. received correspondence of any kind from Mars alleging infringement of the '367 patent before filing this litigation. *See* Declaration of Wei-Hsin Wu, Ex. E; and Declaration of Ping Gao, Ex. F. Mars effectively concedes this fact. *See* Mars' RTA Responses, at p. 5. In its Requests to Admit, ICT Inc. explicitly asked Mars to admit that "prior to filing the present litigation, Mars had not sent any Notice Letter[1] to ICT." *Id.* Mars responded that ICT Inc. knew of the '367 patent by some other means, but Mars identified no correspondence that <u>Mars</u> sent to ICT Inc. or ICT Corp. outside the Complaint itself. *Id.* Accordingly, Mars provided no "actual notice" to ICT, Inc. until April 25, 2005, when it filed the Complaint.

As a result, Mars is barred, as a matter of law, from recovering any patent infringement damages on goods sold by ICT Inc. prior to April 25, 2005.

---

[1] In the definitions provided in its Document Requests, and incorporated in the Requests to Admit, ICT Inc. defined "Notice Letter" to mean any communication or document sent from Mars, or its predecessors-in-interest to the '367 patent, to any other party alleging any actual or potential infringement of the '367 patent.

## CONCLUSION

For the reasons set forth above, International Currency Technologies Corp. respectfully requests that the Court find that Mars is precluded from seeking any damages on goods sold by ICT Inc. prior to April 25, 2005.

                                      Respectfully submitted,

| | |
|---|---|
| | /s/ M. Duncan Grant |
| OF COUNSEL: | M. Duncan Grant (Del. Bar No. 2994) |
| | PEPPER HAMILTON LLP |
| Louis L.S. Tao | 1313 Market Street, Suite 5100 |
| Sonnenschein, Nath & Rosenthal LLP | P.O. Box 1709 |
| 1301 K Street, N.W. | Wilmington, DE  19899-1709 |
| Suite 600, East Tower | (302) 777-6500 |
| Washington, DC  20005 | |
| (202) 408-6400 | |
| | |
| Edward H. Rice | |
| Steven M. Lubezny | |
| Sonnenschein Nath & Rosenthal LLP | |
| 8000 Sears Tower | |
| Chicago, IL  60606 | |
| (312) 876-8000 | |
| | Attorneys for Defendant International |
| Dated:  October 3, 2005 | Currency Technologies Inc. |