EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Mars Electronics International, Inc.,
a Delaware corporation, and
Mars, Incorporated,
a Delaware corporation,

        Plaintiffs,

    v.

International Currency Technologies Corp.,
a Taiwanese corporation, and
International Currency Technologies Inc.,
a California corporation,

        Defendants.

Civil Action No. 05-239-SLR

## MARS ELECTRONICS INTERNATIONAL, INC.'S AND MARS, INCORPORATED'S RESPONSE TO INTERNATIONAL CURRENCY TECHNOLOGIES INC.'S FIRST SET OF REQUESTS TO ADMIT

In accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure, plaintiffs Mars Electronics International, Inc. and Mars, Incorporated ("Mars") hereby submit the following response to the First Set of Requests to Admit of International Currency Technology, Inc. ("ICT-USA").

RESERVATION OF RIGHTS

Investigation and discovery is ongoing in this case. Mars responds to ICT-USA's First Request to Admit without prejudice to Mars' right to supplement its response. In responding to ICT-USA's First Set of Requests to Admit, Mars does not waive any objections on the grounds of privilege, competency, relevance, materiality, authenticity, or admissibility of the information contained in these responses. Mars expressly reserves the right to the use of any of these responses or the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

SEP 2 0 2005

GENERAL OBJECTIONS

1.    Mars objects to each of ICT-USA's requests, and the definitions and instructions provided with such requests, to the extent that they attempt to impose obligations on Mars that exceed or contradict the requirements of the Federal Rules of Civil Procedure, the applicable rules of the Court, the Scheduling Order entered by the Court, and any additional orders of the Court.

2.    Mars objects to each of ICT-USA's requests to the extent they are vague, overbroad, unduly burdensome, oppressive and/or directed to subject matter not reasonably calculated to lead to the discovery of admissible evidence.

3.    Mars objects to each of ICT-USA's requests to the extent they are directed toward subject matter that is subject to the attorney-client privilege, the attorney work product immunity from discovery, and/or any other applicable privilege or immunity doctrine. Mars will not supply or produce information protected from discovery by such privileges or doctrines. To the extent that any such material is inadvertently produced, the production of any privileged document by Mars is unintentional, and Mars does not intend to waive any applicable objection or privilege due to such inadvertent production.

4.    Mars objects to each of ICT-USA's requests to the extent they are premature. Mars reserves the right to supplement its answers as necessary to comply with the Federal Rules of Civil Procedure.

5.    Mars objects to each of ICT-USA's requests, and the definitions and instructions provided with such requests, to the extent that they require information and documents not in the possession, custody or control of Mars.

6.    Mars objects to each and every request to the extent that the request calls for a legal conclusion. Mars' response and production of information shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases in the request.

7.    Mars objects to each and every request to the extent they are unlimited as to time, unlimited as to geographic location, unlimited as to product, and, as such, calls for production of irrelevant material or is unduly burdensome or oppressive.

8.    Mars objects to each and every request to the extent that the response to any request can be derived from ICT-USA's own witnesses, documents or materials. Such information is equally or more available to ICT-USA, and it would be improper or unduly burdensome to require Mars to provide such information or response.

9.    Mars objects to each and every request to the extent they use terms that are not defined or understood, or are vaguely or ambiguously defined, and therefore, fails to identify with reasonable particularity the information sought.

10.    Mars specifically objects to the Definition of "Identify, identification, describe, and description" in paragraph 5 as overly broad and unduly burdensome.

11.    Mars specifically objects to the Definition of "Mars, you and your" in paragraph 8 as overly broad and unduly burdensome.

12.    Mars specifically objects to the Definition of "Notice Letter" in paragraph 9 as vague and ambiguous.

13.    Mars specifically objects to the Definition of "Prior Art" in paragraph 11 as vague and ambiguous.

14.    Mars specifically objects to the Definition of "Relating to and relate" in paragraph 14 as overly broad and unduly burdensome.

15.    Mars specifically objects to Instruction No. 6 as likely to be overly broad and unduly burdensome in most circumstances.

16.    Mars specifically objects to Instruction No. 7 as overly broad and unduly burdensome to the extent Instruction No. 7 imposes obligations on Mars that exceed the Federal Rules of Civil Procedure and controlling law.

3

17.    Mars objects to each and every request to the extent they call for confidential and/or proprietary information. Such information will be provided once an appropriate protective order has been entered.

18.    Mars objects to each and every request to the extent they seek trade secret or confidential information that is not relevant or necessary to this litigation, including but not limited to proprietary documents or information of third parties.

19.    Mars incorporates by reference the general objections set forth into the specific objections set forth below. Mars may repeat an objection for emphasis or some other reason. The failure to repeat any general objection does not waive any such objection to the request. Moreover, Mars does not waive its right to amend its objections.

## REQUEST FOR ADMISSION NO. 1:

Admit that, prior to filing the present litigation, Mars had not marked any of its products with the '367 Patent number in compliance with the marking requirements of 35 U.S.C. §287.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Mars objects to this request as vague and ambiguous and further objects to the extent the request calls for a legal conclusion. Without waiving and subject to the foregoing general and specific objections, and to the extent this request is understood, Mars admits that prior to filing Civil Action No. 05-239-SLR, Mars had not marked any products themselves with the '367 Patent. Except as expressly admitted, Mars denies this request.

## REQUEST FOR ADMISSION NO. 2:

Admit that, prior to filing the present litigation, Mars had not sent any Notice Letter to ICT.

4

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Mars objects to this request as vague and ambiguous.  Mars also objects to this request as premature at this early stage of discovery.  Without waiving and subject to the foregoing general and specific objections, and to the extent that this request is understood, Mars states and admits that ICT was on notice of the '367 Patent at least as early as September 22, 2004, or thereabout.  Mars also states that ICT was further placed on notice of infringement by Mars through the filing and service of the Complaint in this action on April 25, 2005.  Except as expressly admitted, Mars denies this request.

Dated:  September 19, 2005            FISH & RICHARDSON P.C.


                                     By:  _____

                                     FISH & RICHARDSON P.C.
                                     William J. Marsden, Jr. (#2247)
                                     marsden@fr.com
                                     Timothy Devlin (#4241)
                                     tdevlin@fr.com
                                     Sean P. Hayes (#4413)
                                     hayes@fr.com
                                     919 N. Market Street, Suite 1100
                                     Wilmington, DE 19899-1114
                                     Tel: (302) 652-5070

                                     Edmond R. Bannon
                                     Raymond R. Castello
                                     Citigroup Center
                                     153 East 53rd Street
                                     52nd Floor
                                     New York, NY 10022-4611
                                     Tel: (212) 765-5070

                                     Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2005, I served by overnight mail the foregoing document entitled "MARS ELECTRONICS INTERNATIONAL, INC.'S AND MARS, INCORPORATED'S RESPONSE TO INTERNATIONAL CURRENCY TECHNOLOGIES INC.'S FIRST SET OF REQUESTS TO ADMIT" to the following:

> M. Duncan Grant, Esq.
> PEPPER HAMILTON LLP
> 1313 Market Street, Suite 5100
> P.O. Box 1709
> Wilmington, DE 19899-1709
>
> Louis L.S. Tao
> Sonnenschein, Nath & Rosenthal LLP
> 1301 K Street, N.W.
> Suite 600, East Tower
> Washington, DC 20005
>
> and
>
> Edward H. Rice
> Steven M. Lubezny
> Sonnenschein, Nath & Rosenthal LLP
> 8000 Sears Tower
> Chicago, IL 60606

Edmond R. Bannon

30246105.doc

EXHIBIT "E"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mars Electronics International, Inc., a Delaware corporation, and Mars, Incorporated, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>International Currency Technologies Corp., a Taiwanese corporation, and International Currency Technologies Inc., a California corporation,<br><br>Defendants. | Civil Action No. 05-239 SLR |

## DECLARATION

I, __Wu, Wei-Hsin__, state as follows:

1.    I am employed by International Currency Technologies, Corp., ("ICT"), a company in Taiwan, where I have worked for more than two years.

2.    My current job title is Sale Representative. I have held this title for more than two years.

3.    My responsibilities at ICT include handling disputes and lawsuits involving ICT. I have the oversight authority for ICT's intake of documents, such as court notices, addressed to ICT.

4.    In my job at ICT, I am routinely informed of any matters that involve the company's potential legal liability. Among other things, it is part of my job to be aware of any potential patent claims that others have asserted against ICT.

5.    At ICT, incoming mail is reviewed by ICT's receptionist. The mail then distributed to the appropriate person who handles the matter that is raised in the letter.

6.    If ICT received a letter concerning any legal issue, and specifically a patent or patent infringement issue, that letter would be forwarded to me.

7.    I have learned that in April 2005, Mars Electronics International, Inc. and Mars, Incorporated (collectively, "Mars") filed a patent infringement lawsuit against ICT concerning U.S. Patent No. 5,632,367 ('367 patent).

8.      Before Mars filed this lawsuit, I had never received and never seen any correspondence of any kind from Mars to ICT concerning the '367 patent.

9.      Based on my inquiries and conversations with other ICT employees, I do not believe that any others at ICT have received or seen correspondence from Mars concerning the '367 patent.

10.     I am not aware of any effort by Mars (outside from filing the lawsuit itself) to notify ICT of any infringement claim under the '367 patent.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Wu, Wei-Hsin._
(Signature)

Executed on _2005-09-26_
(Date)

EXHIBIT "F"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mars Electronics International, Inc., )<br>a Delaware corporation, and )<br>Mars, Incorporated, )<br>a Delaware corporation, )<br>  )<br>  Plaintiffs, )<br>  )<br>  v. )<br>  )<br>International Currency Technologies Corp., )<br>a Taiwanese corporation, and )<br>International Currency Technologies Inc., )<br>a California corporation, )<br>  )<br>  Defendants. )<br>  ) | Civil Action No. 05-239 SLR |

## DECLARATION

I, __Gao, Ping__, state as follows:

1.    I am employed by International Currency Technologies, Inc., ("ICT"), a company in California, where I have worked for more than three years.

2.    My current job title is __Vice President of Operation__. I have held this title for more than three years.

3.    My responsibilities at ICT include handling disputes and lawsuits involving ICT. I have the oversight authority for ICT's intake of documents, such as court notices, addressed to ICT.

4.    In my job at ICT, I am routinely informed of any matters that involve the company's potential legal liability. Among other things, it is part of my job to be aware of any potential patent claims that others have asserted against ICT.

5.    At ICT, incoming mail is reviewed by ICT's receptionist. The mail then distributed to the appropriate person who handles the matter that is raised in the letter.

6.    If ICT received a letter concerning any legal issue, and specifically a patent or patent infringement issue, that letter would be forwarded to me.

7.    I have learned that in April 2005, Mars Electronics International, Inc. and Mars, Incorporated (collectively, "Mars") filed a patent infringement lawsuit against ICT concerning U.S. Patent No. 5,632,367 ('367 patent).

8.    Before Mars filed this lawsuit, I had never received and never seen any correspondence of any kind from Mars to ICT concerning the '367 patent.

9.    Based on my inquiries and conversations with other ICT employees, I do not believe that any others at ICT have received or seen correspondence from Mars concerning the '367 patent.

10.    I am not aware of any effort by Mars (outside from filing the lawsuit itself) to notify ICT of any infringement claim under the '367 patent.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____    Executed on _____
    (Signature)                                              (Date)