EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Mars Electronics International, Inc., | ) | |
| a Delaware corporation, and | ) | |
| Mars, Incorporated, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-239 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| International Currency Technologies Corp., | ) | |
| a Taiwanese corporation, and | ) | |
| International Currency Technologies Inc., | ) | |
| a California corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## INTERNATIONAL CURRENCY TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rule 33, Federal Rules of Civil Procedure, Defendant International Currency Technologies, Inc. ("ICT Inc."), requests Plaintiffs Mars Electronics International Inc. and Mars, Incorporated ("Mars"), to submit responses to the following Interrogatories.. Mars is requested to serve its written responses no later than thirty (30) calendar days after personal service of these Interrogatories.

## DEFINITIONS AND INSTRUCTION

ICT Inc.'s First Set of Interrogatories to Plaintiffs encompasses all of the definitions as found in Rule 33 of the Federal Rules of Civil Procedure. ICT Inc. also incorporates the Definitions and Instructions set forth in ICT Inc.'s First request for Production of Documents and Things served on August 11, 2005.

## INTERROGATORIES

INTERROGATORY NO 1:

Identify each and every product manufactured or sold by Mars that incorporates the invention disclosed, described, or claimed in the '367 Patent, and for each such product state whether Mars marked the product with the '367 Patent number in compliance with the marking requirements of 35 U.S.C. §287, provide the date on which such product was first marked and identify with specificity any labels, packaging materials, manuals, advertisements, or other documents that were so marked.

INTERROGATORY NO 2:

State the date on which Mars contends ICT was given notice of ICT's alleged infringement of the '367 Patent and identify any documents that support this contention.

INTERROGATORY NO 3:

State the name, employer, title, and address for each person Mars believes may have knowledge or information related to any of the claims or defenses asserted by any party in this litigation and, for each such person, describe the general topics and substance of the knowledge or information the person has or Mars believes the person may have.

INTERROGATORY NO 4:

If Mars contends that the invention claimed in the '367 patent was conceived prior to January 23, 1995 (the filing date of the '367 patent), state the date on which Mars contends the invention claimed in the '367 Patent was conceived and identify any documents that support this contention.

INTERROGATORY NO 5:

Identify, by product number, each ICT product that Mars alleges infringes the '367 Patent and state which claims of the '367 Patent are allegedly infringed by each identified ICT product.


/s/ M. Duncan Grant

OF COUNSEL:

Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000

Dated: August 18, 2005

M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that, on August 18, 2005, I caused a copy of INTERNATIONAL

CURRENCY TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES TO

PLAINTIFFS to be served by hand delivery on:

> William J. Marsden, Jr., Esq.
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE  19899-1114

and by fax and U.S. Mail on:

> Edmond R. Bannon
> Citigroup Center
> 153 East 53rd Street
> 52nd Floor
> New York, NY 10022-4611

/s/ M. Duncan Grant
M. Duncan Grant

EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

Mars Electronics International, Inc.,    )
a Delaware corporation, and    )
Mars, Incorporated,    )
a Delaware corporation,    )
    )
      Plaintiffs,    )    Civil Action No. 05-239 SLR
    )
      v.    )
    )
International Currency Technologies Corp., )
a Taiwanese corporation, and    )
International Currency Technologies Inc.,    )
a California corporation,    )
    )
      Defendants.    )

**INTERNATIONAL CURRENCY TECHNOLOGIES, INC.'S FIRST SET OF**
**REQUESTS TO ADMIT TO PLAINTIFFS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant International

Currency Technologies, Inc. ("ICT Inc."), requests Plaintiffs Mars Electronics International Inc.

and Mars, Incorporated ("Mars"), to respond to the following Requests for Admission.. Mars is

requested to serve its responses no later than thirty (30) calendar days after personal service of

these Requests.

**DEFINITIONS AND INSTRUCTION**

ICT Inc.'s First Set of Requests to Admit encompasses all of the definitions as found in

Rule 36 of the Federal Rules of Civil Procedure.  ICT Inc. also incorporates the Definitions and

Instructions set forth in ICT Inc.'s First request for Production of Documents and Things served

on August 11, 2005.

## REQUESTS FOR ADMISSION

1.      Admit that, prior to filing the present litigation, Mars had not marked any of its

products with the '367 Patent number in compliance with the marking requirements of 35 U.S.C.

§287.


2.      Admit that, prior to filing the present litigation, Mars had not sent any Notice

Letter to ICT.


Respectfully submitted,



                                                    /s/ M. Duncan Grant
OF COUNSEL:                                         M. Duncan Grant (Del. Bar No. 2994)
                                                    PEPPER HAMILTON LLP
Louis L.S. Tao                                      1313 Market Street, Suite 5100
Sonnenschein, Nath & Rosenthal LLP                  P.O. Box 1709
1301 K Street, N.W.                                 Wilmington, DE  19899-1709
Suite 600, East Tower                               (302) 777-6500
Washington, DC  20005
(202) 408-6400

Edward H. Rice
Steven M. Lubezny
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL  60606
(312) 876-8000

Dated:  August 18, 2005                             Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on August 18, 2005, I caused a copy of INTERNATIONAL

CURRENCY TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS TO ADMIT TO

PLAINTIFFS to be served by hand delivery on:

> William J. Marsden, Jr., Esq.
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE  19899-1114

and by fax and U.S. Mail on:

> Edmond R. Bannon
> Citigroup Center
> 153 East 53rd Street
> 52nd Floor
> New York, NY 10022-4611

/s/ M. Duncan Grant_____
M. Duncan Grant

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Mars Electronics International, Inc.,
a Delaware corporation, and
Mars, Incorporated,
a Delaware corporation,

    Plaintiffs,

  v.          Civil Action No. 05-239-SLR

International Currency Technologies Corp.,
a Taiwanese corporation, and
International Currency Technologies Inc.,
a California corporation,

    Defendants.

**MARS ELECTRONICS INTERNATIONAL, INC.'S AND
MARS, INCORPORATED'S RESPONSE TO
INTERNATIONAL CURRENCY TECHNOLOGIES INC.'S
FIRST SET OF INTERROGATORIES**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure,

plaintiffs Mars Electronics International, Inc. and Mars, Incorporated ("Mars") hereby

submit the following response to the First Set of Interrogatories of defendant

International Currency Technology, Inc. ("ICT-USA").

RESERVATION OF RIGHTS

Investigation and discovery is ongoing in this case. Mars responds to ICT-USA's

First Set of Interrogatories without prejudice to Mars' right to supplement its response.

Mars also reserves the right to produce or use any information or documents that are

discovered after service of this response in support of or in opposition to any motion, in

depositions, or at trial. In responding to ICT-USA's First Set of Interrogatories, Mars

does not waive any objections on the grounds of privilege, competency, relevance,

materiality, authenticity, or admissibility of the information contained in these responses.

SEP 2 0 2005

Mars expressly reserves the right to the use of any of these responses or the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

GENERAL OBJECTIONS

1.   Mars objects to each of ICT-USA's interrogatories , and the definitions and instructions provided with such interrogatories, to the extent that they attempt to impose obligations on Mars that exceed or contradict the requirements of the Federal Rules of Civil Procedure, the applicable rules of the Court, the Scheduling Order entered by the Court, and any additional orders of the Court.

2.   Mars objects to each of ICT-USA's interrogatories to the extent they characterize multiple interrogatory subparts as single interrogatories. Mars will consider each subpart of each interrogatory to be a separate interrogatory for purposes of calculating the number of interrogatories utilized by ICT-USA relative to the interrogatory limits.

3.   Mars objects to each of ICT-USA's interrogatories to the extent they are vague, overbroad, unduly burdensome, oppressive, and/or directed to subject matter not reasonably calculated to lead to the discovery of admissible evidence. Mars objects to each and every contention interrogatory as unduly burdensome in that the interrogatories purport to require Mars to disclose all documents upon which it bases its claims prior to document and testimonial discovery on these claims. Consequently, Mars' answers to these contention interrogatories are necessarily tentative or incomplete at this stage of discovery.

4.   Mars objects to each of ICT-USA's interrogatories to the extent they are directed toward subject matter that is subject to the attorney-client privilege, the attorney work product immunity from discovery, and/or any other applicable privilege or immunity doctrine. Mars will not supply or produce information protected from

2

discovery by such privileges or doctrines. To the extent that any such material is inadvertently produced, the production of any privileged document by Mars is unintentional, and Mars does not intend to waive any applicable objection or privilege due to such inadvertent production.

5. Mars objects to each of ICT-USA's interrogatories to the extent they are premature. Mars reserves the right to supplement its answers as necessary to comply with the Federal Rules of Civil Procedure.

6. Mars objects to each of ICT-USA's interrogatories, and the definitions and instructions provided with such interrogatories, to the extent that they require information and documents not in the possession, custody or control of Mars.

7. Mars objects to each and every interrogatory to the extent that the interrogatory calls for a legal conclusion. Mars' response and production of information shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases in the interrogatory.

8. Mars objects to each and every interrogatory to the extent they are unlimited as to time, unlimited as to geographical location, unlimited as to product, and, as such, calls for production of irrelevant material or are unduly burdensome or oppressive.

9. Mars objects to each and every interrogatory to the extent that the response to any interrogatory can be derived from ICT-USA's own witnesses, documents, or materials. Such information is equally or more available to ICT-USA, and it would be improper and unduly burdensome to require Mars to provide such information or response.

10. Mars objects to each and every interrogatory to the extent they use terms that are not defined or understood, or are vaguely or ambiguously defined, and therefore, fail to identify with reasonable particularity the information sought.

11. Mars specifically objects to the Definition of "Identify, identification, describe, and description" in paragraph 5 as overly broad and unduly burdensome.

3

12.     Mars specifically objects to the Definition of "Mars, you and your" in paragraph 8 as overly broad and unduly burdensome.

13.     Mars specifically objects to the Definition of "Notice Letter" in paragraph 9 as vague and ambiguous.

14.     Mars specifically objects to the Definition of "Prior Art" in paragraph 11 as vague and ambiguous.

15.     Mars specifically objects to the Definition of "Relating to and relate" in paragraph 14 as overly broad and unduly burdensome.

16.     Mars specifically objects to Instruction No. 6 as likely to be overly broad and unduly burdensome in most circumstances.

17.     Mars specifically objects to Instruction No. 7 as overly broad and unduly burdensome to the extent Instruction No. 7 imposes obligations on Mars that exceed the Federal Rules of Civil Procedure and controlling law.

18.     Mars objects to each and every interrogatory to the extent they call for confidential and/or proprietary information.  Such information will be provided once an appropriate protective order has been entered.

19.     Mars objects to each and every interrogatory to the extent they seek trade secret or confidential information that is not relevant or necessary to this litigation, including but not limited to proprietary documents and confidential information of third parties.

20.     Mars incorporates by reference the general objections set forth into the specific objections set forth below.  Mars may repeat an objection for emphasis or some other reason.  The failure to repeat any general objection does not waive any such objection to the interrogatory.  Moreover, Mars does not waive its right to amend its objections.

RESPONSES TO INTERROGATORIES

Subject to the foregoing reservation of rights and general objections, as well as the specific objections set forth below, Mars responds to ICT-USA's interrogatories as follows:

INTERROGATORY NO. 1:

Identify each and every product manufactured or sold by Mars that incorporates the invention disclosed, described, or claimed in the '367 Patent, and for each such product state whether Mars marked the product with the '367 Patent number in compliance with the marking requirements of 35 U.S.C. §287, provide the date on which such product was first marked and identify with specificity any labels, packaging materials, manuals, advertisements, or other documents that were so marked.

RESPONSE TO INTERROGATORY NO. 1:

Mars objects to this interrogatory as overly broad, and seeking irrelevant information in that it is not limited in time or geographic location. Mars objects to this interrogatory as compound, complex and unduly burdensome. Mars further objects to this interrogatory to the extent it calls for legal conclusions. Without waiving and subject to the foregoing general and specific objections, Mars responds as follows:

At least the MEI Series 2000 and the Cash Flow SC-66 and SC-83 bill validators incorporate the invention disclosed, described or claimed in the '367 Patent. The MEI bill validators have not been marked with the '367 Patent number.

INTERROGATORY NO. 2:

State the date on which Mars contends ICT was given notice of ICT's alleged infringement of the '367 Patent and identify any documents that support this contention.

RESPONSE TO INTERROGATORY NO. 2:

Mars objects to this interrogatory as premature at this early stage of discovery. Mars further objects to this interrogatory to the extent that it calls for information not in

the possession, custody or control of Mars, or information which can be ascertained from ICT-USA's own documents, witnesses or materials. Without waiving and subject to the foregoing general and specific objections, Mars responds as follows:

ICT was on notice of the '367 patent at least as early as September 22, 2004, or thereabout, in connection with the prosecution of U.S. Patent No. 6,851,540, and either was or should have been on notice of ICT's infringement by at least that date.

INTERROGATORY NO. 3:

State the name, employer, title, and address for each person Mars believes may have knowledge or information related to any of the claims or defenses asserted by any party in this litigation and, for each such person, describe the general topics and substance of the knowledge or information the person has or Mars believes the person may have.

RESPONSE TO INTERROGATORY NO. 3:

Mars objects to this interrogatory as premature at this early stage of discovery. Mars further objects to this interrogatory as overly broad and unduly burdensome, such as, for example, to the extent that it seeks identification of persons whom Mars believes "may" have knowledge or information. Mars also objects to this interrogatory as unduly burdensome to the extent it is duplicative of the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). Mars further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving and subject to the foregoing general and specific objections, Mars responds as follows:

See Initial Disclosures of Plaintiffs Mars Electronics International, Inc. and Mars, International, dated August 9, 2005.

INTERROGATORY NO. 4:

If Mars contends that the invention claimed in the '367 patent was conceived prior to January 23, 1995 (the filing date of the '367 patent), state the date on which Mars contends the invention claimed in the '367 Patent was conceived and identify any documents that support this contention.

RESPONSE TO INTERROGATORY NO. 4:

Mars objects to this interrogatory on the ground that this contention interrogatory is premature and is further irrelevant at this time. The '367 Patent is presumed valid and ICT-USA bears the burden of proving that the inventions described and claimed in the '367 Patent are not patentable. Until ICT-USA identifies a prior art reference or activity which antedates the filing date of the '367 Patent, Mars has no need to contend or rely on any date prior to the filing date of the application for the '367 Patent.

INTERROGATORY NO. 5:

Identify, by product number, each ICT product that Mars alleges infringes the '367 Patent and state which claims of the '367 Patent are allegedly infringed by each identified ICT product.

RESPONSE TO INTERROGATORY NO. 5:

Mars objects to this contention interrogatory on the ground that it is premature at this early stage of discovery. Mars further objects to this contention interrogatory to the extent that it calls for information not in the possession, custody or control of Mars. Mars also objects to this contention interrogatory to the extent it calls for a legal conclusion. In addition, Mars objects to this contention interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving and subject to the foregoing general and specific objections, Mars responds as follows:

7

Based on the information available to Mars to date, at least one or more of the ICT model A6V6 Series, the ICT model A7V7 Series, the ICT model US2 Series, and the Gamemax Model VM6600-US Series bill validators infringe one or more claims of the '367 Patent. It is further believed that at least one or more of the ICT models S6, S7, N6, N7 and US4 Series bill validators are likely to infringe one or more of the claims of the '367 Patent.

Dated: September 19, 2005          FISH & RICHARDSON P.C.


By:  _____

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
marsden@fr.com
Timothy Devlin (#4241)
tdevlin@fr.com
Sean P. Hayes (#4413)
hayes@fr.com
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Edmond R. Bannon
Raymond R. Castello
Citigroup Center
153 East 53rd Street
52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of September, 2005, I served by overnight mail the foregoing document entitled "MARS ELECTRONICS INTERNATIONAL, INC.'S AND MARS, INCORPORATED'S RESPONSE TO INTERNATIONAL CURRENCY TECHNOLOGIES INC.'S FIRST SET OF INTERROGATORIES" to the following:

M. Duncan Grant, Esq.
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709


Louis L.S. Tao
Sonnenschein, Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005

and

Edward H. Rice
Steven M. Lubezny
Sonnenschein, Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606

_____
Edmond R. Bannon

30246082.doc